Robert D. HAYS, by and through his Guardian Ad Litem Terri Thorson, Plaintiff–Appellant,

v.

David HALLBERG; et al., Defendants–Appellees.

No. 05–35728.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2007.

Filed Aug. 7, 2007.

---

Leslie Kay, Esq., Christina Dirks, Esq., Legal Aid Services of Oregon, Portland, OR, for Plaintiff–Appellant.

Kevin N. Keaney, Patty T. Rissberger, Esq., Harry Auerbach, Deputy City Attorney, William W. Manlove, III, Office of the City Attorney, Portland, OR, for Defendants–Appellees.

Before: HALL and M. SMITH, Circuit Judges, and DUFFY,* Senior Judge.

## MEMORANDUM **

Robert Hays appeals from the district court's grant of summary judgment to David Hallberg and the City of Portland on his constitutional claims under 42 U.S.C. § 1983, and on his state law claims for elder abuse under Oregon Revised Statute § 124.110(1) and for unfair trade practices under Oregon Revised Statue § 646.605.

We review a district court's grant of summary judgment de novo, *see Far Out Productions, Inc. v. Oskar,* 247 F.3d 986, 992 (9th Cir.2001), and we affirm.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

We have jurisdiction to hear Hays' appeal because the district court's order dismissing the action is a final order appealable under 28 U.S.C. § 1291. Because the parties are familiar with the facts of this case, we do not separately recount them here.

■ Although Hays characterizes his claim that he was denied his right to make his own decision regarding the sale of his property as a violation of his substantive due process rights, it is essentially a claim that Hallberg, acting under the color of state law, interfered with his property rights. *See Andrus v. Allard,* 444 U.S. 51, 66–67, 100 S.Ct. 318, 62 L.Ed.2d 210 (1979) (explaining that the right to sell is a "strand" in the "bundle" of property rights). In the Ninth Circuit, it is well settled that substantive due process claims pursuant to the Fourteenth Amendment are precluded when the interest at stake is real property. *See Squaw Valley Dev. Co. v. Goldberg,* 375 F.3d 936, 949 (9th Cir. 2004) (explaining that "substantive due process claims based on governmental interference with property rights are foreclosed by the Fifth Amendment's Takings Clause"); *Armendariz v. Penman,* 75 F.3d 1311, 1318–19 (9th Cir.1996) (noting that "the use of substantive due process to extend constitutional protection to economic and property interests has been largely discredited"). We have explained that "[s]ubstantive due process analysis has no place in contexts already addressed by explicit textual provisions of constitutional protection, regardless of whether the plaintiff's potential claims under those amendments have merit." *Armendariz,* 75 F.3d at 1325–26. This "blanket prohibition applies even to a disguised takings claim. . . . [L]andowners 'cannot sidestep

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Armendariz* by re-characterizing their claim as lying solely in substantive due process.'" *Squaw Valley Dev. Co.*, 375 F.3d at 949 (quoting *Macri v. King County*, 126 F.3d 1125, 1129 (9th Cir.1997)). Because this circuit forbids plaintiffs from transforming property rights claims into substantive due process claims, Hays has failed to raise a viable substantive due process claim.

▮ Hays' procedural due process claim also cannot withstand summary judgment. To prevail on a 42 U.S.C. § 1983 action, Hays must demonstrate that Hallberg's conduct—the purchase of his home—both factually and proximately caused his alleged injuries. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981). Here, Hays' home was already in foreclosure due to the actions of some of his own relatives before Hallberg purchased it, and he does not raise any issues of triable fact from which a reasonable juror could find that Hallberg caused him to lose his home.

We decline to consider Hays' takings claim this on appeal because it was not raised before the district court. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir.2003); *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir.1985).

Hays' municipal liability claim against the City of Portland fails because he has not established that he was deprived of any of his constitutional rights. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir.1994) ("While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights.").

Lastly, Hays' two Oregon state law claims for elder abuse under Oregon Revised Statute § 124.110(1) and unfair trade practices under Oregon Revised Statute § 646.607 cannot survive summary judgment. There are four elements in an elder abuse cause of action: "(1) a taking or

appropriation (2) of money or property (3) that belongs to an elderly or incapacitated person, and (4) the taking must be wrongful." *Church v. Woods*, 190 Or.App. 112, 77 P.3d 1150 (2003); *see also* Or.Rev.Stat. § 124.100. Because we agree that Hays had already lost control of his property, Hallberg's actions did not result in the "appropriation" or "taking" of any money or property to which Hays was entitled. Moreover, because he did not demonstrate that Hallberg is liable for elder abuse, the City of Portland cannot be held liable for Hallberg's conduct under a theory of respondeat superior. Finally, Hays' unfair trade practices claim fails because he has not raised a genuine issue of material fact whether Hallberg conducted the purchase of Hays' home "in the course of [Hallberg's] business, vocation, or occupation" as required under Oregon Revised Statute § 646.607(1).

**AFFIRMED.**